# IN THE COURT OF APPEALS OF IOWA

No. 25-1241
Filed December 17, 2025

IN THE INTEREST OF O.H.,
Minor Child,

M.D., Mother,
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Erik I. Howe, Judge.


A mother appeals the termination of her parental rights to her daughter.
**AFFIRMED.**


Zachary C. Priebe of Jeff Carter Law Offices, PC, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Leah Patton of Patton Legal Services LLC, Ames, attorney and guardian ad litem for minor child.


Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

A daughter was removed from her mother's custody after the mother tested positive for methamphetamine once during her pregnancy and again when the daughter was four months old. In the months that followed, the mother continued to regularly test positive for methamphetamine, despite repeated attempts at substance-use treatment. Once the young daughter had been removed from her mother's custody for over a year with no reunification in sight, the State moved to terminate the mother's parental rights and the juvenile court agreed.

The mother now appeals, urging that the State failed to prove a ground for termination because the positive drug screens were caused by a prescription medication and that termination was not in the child's best interest because a guardianship was more appropriate. But like the juvenile court, we find the drug screens were not false positives and the mother's substance-use issues prevented the return of the daughter to her custody. And given the daughter's very young age, an indeterminate guardianship is contrary to the daughter's needs for permanency and stability. Thus, we affirm the juvenile court.

## I. Factual Background and Proceedings

In the summer of 2023, the mother[1] tested positive for methamphetamine and THC while pregnant with the daughter. She welcomed the daughter in December, and both the mother and daughter tested negative for all illicit substances at the time of birth. Still, the Iowa Department of Health and Human

---

[1] We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's order—is public. *Compare* Iowa Code § 232.147(2) (2025), *with id.* §§ 602.4301(2), 602.5110; *see also* Iowa Ct. R. 21.25.

Services ("HHS") conducted a child-abuse assessment shortly after the daughter was born based on concerns that the mother's "mental health needs" would "limit her ability to care for the newborn child."[2]

At first, the mother successfully participated in parenting courses and the daughter appeared well cared for.  But then the mother tested positive for methamphetamine in April and again in May.  So HHS imposed a safety plan—later formalized in a removal order—placing the daughter with the mother's significant other.  And the daughter was adjudicated in need of assistance a few weeks later.

Over the next year, the mother's recovery never got off the ground.  She was twice unsuccessfully discharged from substance-use treatment programs before eventually completing a third program.  All the while, she continued to regularly test positive for methamphetamine and THC.  As for the daughter, she was moved to a foster care placement after the mother's significant other allowed a previously registered sex offender to move into the home.  And although the mother's visits with the daughter went well, she never progressed beyond fully-supervised, out-of-home visits.

In June 2025, the State petitioned to terminate the mother's parental rights.  During the termination hearing, the mother insisted she had been sober for two years and that every positive drug screen was caused by her prescription medication.  In response, the HHS social worker testified that she has had other parents take the same medication without any false-positive issues.  After weighing

---

[2] The father's parental rights were also terminated in this proceeding.  Because he does not appeal, we focus on the mother.

the evidence, the juvenile court ultimately terminated the mother's parental rights under paragraph "h" of Iowa Code section 232.116(1) (2025).

The mother now appeals, and we review the juvenile court's decision de novo. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021).

## II. Termination under Iowa Code section 232.116(1)(h)

To permanently sever the mother's parental rights to the daughter, the juvenile court must find the State proved two elements by clear and convincing evidence: (1) a statutory ground justifies termination, and (2) termination is in the daughter's best interest. *See* Iowa Code § 232.116(1)–(2). The mother challenges both elements, disputing that the State carried its burdens.

First considering the statutory ground, at the time of the hearing the daughter was under three years old, was adjudicated in need of assistance, and had been removed from her mother's custody for over a year. *See id.* § 232.116(1)(h)(1)–(3). So the mother focuses her advocacy on the fourth element, asserting the daughter could have been returned to her custody at the time of the hearing. *Id.* § 232.116(1)(h)(4). And her argument centers on her disputed sobriety, renewing her position that she has been sober since 2023 and all positive drug screens were caused by a prescription medication.

Like the juvenile court, we do not find the mother's explanation credible. For starters, the mother offered no evidence supporting her false-positive theory other than her own testimony. That testimony, in turn, was based on alleged Internet searches about what medications could cause positive methamphetamine results. She never disclosed which online sources she reviewed, preventing us from weighing the plausibility or strength of her claim. What's more, the HHS social

worker testified to her past experiences with other parents taking the same medication without testing positive for methamphetamine. So we find the mother's repeated positive drug screens during the life of the child-in-need-of-assistance proceedings "are sufficient proof of her drug use and clear and convincing evidence that the [daughter] should not be returned to the mother's custody." *In re A.W.*, No. 18-0382, 2018 WL 2084913, at *2 (Iowa Ct. App. May 2, 2018); *see also In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) (explaining a child cannot be returned to her parent's custody "if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication").

### III.      Best Interest

The mother next contests whether termination is in the daughter's best interest. Our best-interest analysis is guided by the daughter's safety, as well as her "physical, mental, and emotional condition and needs." Iowa Code § 232.116(2). On appeal, as she did below, the mother argues that a guardianship with the daughter's foster family would adequately protect the daughter, and thus termination is contrary to her best interest.

Again, we agree with the juvenile court that termination is best for the daughter. The daughter was four months old when she was removed and was roughly eighteen months old at the time of the termination hearing. At her young age, imposing an indeterminate guardianship would undermine the essential goals of stability and permanency that permeate our child-welfare scheme. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (rejecting guardianship as an alternative to termination for a two-year-old child, explaining the potentially sixteen-year guardianship period would destabilize the child's future).

Because the daughter cannot be returned to her mother's custody and is entitled to permanency now, we affirm termination of the mother's parental rights.

**AFFIRMED.**